In the Matter of KENMORE–GRANVILLE HOTEL COMPANY, etc., Debtor.

Nettie MEYER et al. v. KENMORE GRANVILLE HOTEL COMPANY et al.

No. 5531.

Circuit Court of Appeals, Seventh Circuit.

July 9, 1935.

Meyer Abrams, of Chicago, Ill., for appellants.

Irving H. Flamm, Max Frederick Goldberg, Bernard Nath, Herbert Lautmann, I. E. Ferguson, Arthur M. Cox, Claude A. Roth, and William J. Friedman, all of Chicago, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges.

PER CURIAM.

It is ordered by the court that the appeal granted to Nettie Meyer et al. by the District Court of the United States for the Northern District of Illinois, Eastern Division, in this cause from an order entered by said District Court on May 20, 1935, approving a plan of reorganization, be, and the same is hereby, dismissed, with costs.

---

LEON WIESEN BLDG. & LOAN ASS'N et al., Appellants, v. REAL ESTATE LAND TITLE & TRUST CO., Trustee, etc.

No. 5644.

Circuit Court of Appeals, Third Circuit.

June 10, 1935.

A. L. Shapiro, of Philadelphia, Pa., for appellants.

Thomas P. Mikell, Saul, Ewing, and Remick & Saul, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and FORMAN, District Judge.

PER CURIAM.

This appeal seeks to vacate an order of distribution made by the court below in an equity receivership. After notice to all parties concerned and after written consent to the court's jurisdiction, the order now sought to be vacated was entered. It is now claimed that such order was made by the judge under the belief that all parties had consented to the order being made. But the answer to this contention is that, when application was subsequently made to vacate, he refused to do so, and the order made stands.

After consideration, we find no error was committed in making the order, and, in pursuance of it, the appellee trust company has been paid the complained of interest on the mortgage involved and has paid the same to the cestui que trustents, who are not parties to this proceeding which seeks to have the interest paid returned. So viewing the situation, the decree of distribution made by the court below is affirmed.